UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

                                            Case No. 2:19-cr-202

     v.

                                            Judge Michael H. Watson

Thomas J. Romano,

     Defendant.

## OPINION AND ORDER

The Government moves *in limine* to admit evidence of overdose deaths of

two of Defendant's patients and evidence of Defendant's non-charged controlled

substances prescriptions. ECF No. 48. For the following reasons, the motion is

**DENIED WITHOUT PREJUDICE.**

In its discussion of the admissibility of the overdose deaths, the

Government addresses whether that evidence is admissible under Federal Rules

of Evidence 402 and 403. Mot. 4–6, ECF No. 48. However, this type of

evidence often also implicates Hearsay and Confrontation Clause issues. *See,*

*e.g.*, *United States v. Bourlier*, 518 F. App'x 848, 843–45 (11th Cir. 2013)

(discussing, in a § 841 case, whether evidence of uncharged patient deaths

violates the Confrontation Clause); *United States v. Baker*, No. 3:17-CR-59, 2019

WL 5682952 (S.D. Ohio Nov. 1, 2019) (examining whether an animation

demonstrating an overdose death violated the Confrontation Clause and Hearsay

rules). The Government did not address the way in which it proposes to

introduce evidence of the overdose deaths or whether that evidence would be permissible under the Hearsay Rules or the Confrontation Clause.  Mot. 4–6, ECF No. 48.  Without briefing on those topics, the Court cannot rule on the evidence's admissibility.

The Government provides substantial out-of-circuit caselaw in support of its motion to admit evidence of Defendant's non-charged prescribing practices. *Id.* at 8–9.  However, the Government cites to only one Sixth Circuit case, in spite of the fact that there are several relevant cases from this Circuit.  Not surprisingly, then, the Government failed to address some important considerations for this Court when analyzing Rule 404(b)-type evidence, including whether the proposed evidence is "intrinsic" and the *res gestae* doctrine.  *See, e.g., United States v. Sadler*, 24 F.4th 515, 554 (6th Cir. 2022) (discussing both doctrines when reviewing a district court's Rule 404(b) determination).  Further, the Government once again neglected to inform the Court about what method it plans to use to introduce this evidence and whether that method implicates the Hearsay rules.  So, once again, the Court lacks sufficient information to rule on the Government's motion.

For these reasons, the motion is **DENIED WITHOUT PREJUDICE**.  The Government is **DIRECTED** to re-file its motion by **THURSDAY, FEBRUARY 24 AT 9:00 A.M.**, and address the issues identified in this Order.

The Clerk is directed to terminate ECF No. 48.

**IT IS SO ORDERED.**

Case No. 2:19-cr-202

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**