IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION - COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>vs.<br><br>THOMAS ROMANO,<br><br>    Defendant | Case No. 2:19-cr-202<br><br>Judge Michael H. Watson |

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR *DAUBERT* HEARING AND MOTION TO EXCLUDE THE TESTIMONY OF DR. JAMES MURPHY

Defendant Dr. Romano's Memorandum Contra Plaintiff's Motion for *Daubert* Hearing and to Exclude Testimony from Dr. James Murphy (Doc. 49), and the accompanying Affidavit of Dr. James Patrick Murphy ("Murphy Affidavit"), fail to address the fatal flaws contained in Dr. Murphy's report, which were outlined in the United States' Motion for *Daubert* Hearing and to Exclude Testimony from Dr. James Murphy (Doc. 46). While Defendant now clarifies that Dr. Murphy has reviewed the patient files for all of the patients in the Superseding Indictment, Defendant still fails to demonstrate that Dr. Murphy's testimony will be the product of reliable principles and methods, or that Dr. Murphy has reliably applied any such principles and methods to the facts of the case. Fed. R. Evid. 702(c)-(d).

Dr. Murphy's report and the Murphy Affidavit contain only generic statements of support regarding Defendant's practice of medicine and prescribing practices, without detailing the methodology employed by Dr. Murphy and the manner in which that methodology was applied to the patient files he reviewed. Defendant provides no detail as to Dr. Murphy's methodology except to describe it as his "focused practical experience and familiarity with the relevant medical

1

standards." (Doc. 49, Pg. 4). This is not a methodology, it's another recitation of Dr. Murphy's qualifications. Defendant also makes the specious claim that "Dr. Murphy has clearly indicated that he applied the standards established by the American Medical Association, World Health Organization, and the American Academy of Pain Medicine in his analysis of each patient's file." (Doc. 49, Pg. 5). In fact, Dr. Murphy's report states only that he considered the teachings of these entities, along with the teachings of unknown and unnamed "venerable physicians throughout the ages," in formulating his summary of the definition of the usual course of professional practice. (*Id.*, Ex. C at 5). The Murphy Affidavit suffers from the same issue. In it, Dr. Murphy states that he draws on "standards specifically governing pain specialists, including those published by the American Medical Association, World Health Organization, and the American Academy of Pain Medicine." (*Id.*, Ex. B ¶ 6). Despite Defendant's claims otherwise, Dr. Murphy does not enumerate any specific standard established by the American Medical Association, World Health Organization, or the American Academy of Pain Medicine or how he applied any such standards in reaching his conclusions.

Moreover, the Murphy Affidavit, much like Dr. Murphy's report, contains only fleeting reference to the patients listed in the Superseding Indictment without addressing the application of whatever methodology he happened to employ to specific facts related to the patients. Dr. Murphy seems to suggest that any conclusions he reached as to Defendant's practice of medicine and prescribing practice should be accepted, in essence, because they are Dr. Murphy's conclusions, and not because they are based on reliable principles and methods which have been applied to the facts of the case. Without reference to any specific patients, it remains unclear what facts, if any, Dr. Murphy considered in reaching his conclusions as to Defendant, his practice of medicine, and his prescribing practices. Contrary to Defendant's claims, the government does not simply

"desire" a more exhaustive analysis when it comes to Dr. Murphy's opinion, it is required under Federal Rule of Criminal Procedure 16. *See* Fed. R. Crim. P.16(b)(1)(C) (defendants have a reciprocal duty to provide a summary of expert testimony that describes the "bases and reasons" for the expert witness's opinions).

Because Dr. Murphy's report and the Murphy Affidavit provide little more than vague and conclusory statements, fail to describe the methodology employed or the specific facts to which he subjected any such methodology, Defendant has neither complied with the mandates of Federal Rule of Criminal Procedure 16 nor shown that Dr. Murphy meets the qualifications of Federal Rule of Evidence 702. As a result, the Court should exclude Dr. Murphy's testimony from the trial. In the alternative, the government respectfully requests a *Daubert* hearing to determine whether Defendant can meet its burden in establishing that Dr. Murphy's opinion testimony meets the standards outlined in Federal Rule of Evidence 702 for admission in the instant case.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

By:     *s/ Christopher Jason*
CHRISTOPHER JASON
United States Department of Justice
Criminal Division, Fraud Section
Trial Attorney
E: christopher.jason@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2022, I filed the foregoing United States' Reply in Support of its Motion for *Daubert* Hearing and to Exclude Testimony of Dr. James Murphy with the Clerk of Court, and provided an electronic copy to the defendant's counsel of record.

By:      *s/Christopher Jason*      
Christopher Jason  
Trial Attorney  
U.S. Department of Justice  
PA State Bar No. 312373  
303 Marconi Boulevard, # 200  
Columbus, OH 43215  
Phone: 202-262-6438  
E-mail: christopher.jason@usdoj.gov