UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

           Case No. 2:19-cr-202

v.

           Judge Michael H. Watson

Thomas J. Romano,

    Defendant.

## OPINION AND ORDER

The Government moves *in limine* to admit: (1) evidence related to the overdose deaths of two of Defendant's patients; and (2) data regarding Defendant's controlled substances prescribing practices. ECF No. 54. For the following reasons, the motion is **DENIED IN PART**, and the Court **RESERVES RULING IN PART**.

### I.    OVERDOSE DEATHS

The Government seeks to admit evidence related to the overdose deaths of two of Defendant's patients: J.P. and E.W. ("Overdose Evidence"). Mot. 1–10, ECF No. 54. The Government represents that Defendant prescribed J.P. oxycodone on September 16, 2016, and J.P. died of an oxycodone overdose the following day. *Id.* at 2. Similarly, in April 2017, Defendant prescribed E.W. oxycodone, oxymorphone, gabapentin, clonazepam, and carisoprodol. *Id.* at 3. E.W. died from fentanyl and oxycodone intoxication a month later. *Id.*

The Government argues that the Overdose Evidence is "inextricably linked" to the charged offense and will be offered to show "the prescriptions which precipitated those deaths were unlawful, in that they were prescribed outside the usual course of professional practice and not for a legitimate medical purpose." Mot. 4, ECF No. 54.

As always, the first question is whether the proposed evidence is relevant. Federal Rule of Evidence 401 explains that

> [e]vidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

The Government argues the Overdose Evidence is relevant because it speaks to whether Defendant's prescriptions had a legitimate medical purpose. Mot. 4–7, ECF No. 54. At least one court in this Circuit has reached a similar conclusion, explaining,

> evidence of uncharged patient deaths has some tendency to suggest that a provider defendant knew or was deliberately ignorant of the fact that patients might be misusing prescriptions and overdosing. . . . The Court also finds that defendants' knowledge that patients were misusing prescriptions is one factor that may suggest that [the defendants] distributed controlled substances without a legitimate medical purpose and outside the usual course of professional practice.

*United States v. Hofstetter*, No. 3:15-cr-27-TAV-DCP, 2019 WL 6718489, *5 (E.D. Tenn. Dec. 9, 2019) (internal quotation marks and citations omitted).

The motion in limine makes no argument that Defendant knew either J.P.'s or E.W.'s deaths were caused by overdose. In fact, it says Defendant's patient notes stated that J.P. died by falling down the stairs. Without any evidence Defendant *knew* the deaths were caused by an overdose—or at least evidence Defendant knew J.P. and E.W. were addicted to the pills—the Court is hard pressed to see how the deaths themselves are relevant to Defendant's prescribing state-of-mind.

This Court need not determine whether the Overdose Evidence is relevant to the charged offenses, however, because even if the Court found that the Overdose Evidence was relevant, the Court would exclude the evidence under Federal Rule of Evidence 403, which provides as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

A district court enjoys "very broad discretion" in conducting the Rule 403 balancing test. *United States v. Libbey-Tipton*, 948 F.3d 694, 705 (6th Cir. 2020) (internal quotation marks and citations omitted).

To begin, even if the Overdose Evidence meets the relatively low bar for relevance, the probative value is insignificant. As another court observed, "[h]ealth events that occurred after Defendant issued a prescription do not speak in any significant way to the propriety of Defendant issuing those prescriptions in the first place." *United States v. Robinson*, 263 F. Supp. 3d 248, 251 (D.D.C.

2017) (internal quotation and citation omitted). The limited probative value is especially true here where the Government has not charged Defendant with responsibility for the deaths of any of his patients.

On the other hand, there is a significant risk of unfair prejudice. For example, there is the danger of convictions of "association." That is, when, as here, there are several related counts, there is a danger that the jury "will see a pattern of behavior and convict for individual counts that were not properly proved." *United States v. Kostenko*, No. 5:16-CR-00221, 2017 WL 1395500, at *2 (S.D.W. Va. Apr. 17, 2017) (citation omitted). That concern is underscored here because the Overdose Evidence might make the jury react emotionally and feel a desire to punish Defendant for his patients' deaths. *See Robinson*, 263 F. Supp. 3d at 251.

So, the probative value of the Overdose Evidence is limited, and the danger of unfair prejudice is quite high. Accordingly, the Overdose Evidence is excluded under Rule 403. Because the evidence is excluded under Rule 403, the Court does not consider its admissibility under other Rules of Evidence or any constitutional concerns.

## II. PRESCRIBING PRACTICES

The Government also seeks to introduce evidence of Defendant's controlled substance prescription data across all his patients ("Prescription Data"). Mot. 10–17, ECF No. 54. The Government would introduce this data through Paul Short, a Unit Chief for the Drug Enforcement Administration. *Id.* at

10–13. Mr. Short reviewed Defendant's prescribing practices from 2015 through 2019, and intends to testify about his review and the conclusion he drew from the same. *Id.* According to Mr. Short, the Prescription Data shows that Defendant's opioid prescribing practices were markedly above national trends in various categories. *Id.* The Government argues that the Prescription Data "is admissible to show intent, plan, and absence of mistake." *Id.* at 10.

Federal Rule of Evidence 404(b)(1) prohibits admission of "[e]vidence of any other crime, wrong, or act" when that evidence is used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." "The purpose of Rule 404(b) is to prevent a jury from convicting a 'bad man' who deserves to be punished not because he is guilty of the crime charged but because of his prior or subsequent misdeeds and from inferring that because the accused committed other crimes, he probably committed the crime charged." *United States v. Sadler*, 24 F.4th 515, 554 (6th Cir. 2022) (cleaned up).

There are several exceptions to this ban on other crimes or wrongs evidence. Rule 404 itself provides that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). When considering the admissibility of evidence under this Rule, district courts use the following process:

> *First,* the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third,* if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Adams*, 722 F.3d 788, 822 (6th Cir. 2013) (internal quotation and citation omitted).

Additionally, the Sixth Circuit has identified two circumstances where evidence of other crimes or wrongs does not implicate Rule 404(b) at all. The first is intrinsic evidence. Intrinsic acts are those that are "a part of the criminal activity, as opposed to extrinsic acts, which are those that occurred at different times under different circumstances from the offense charged." *Sadler*, 24 F.4th at 554 (internal quotation marks and citations omitted). For such "intrinsic" evidence, "Rule 404(b) is not implicated." *Adams*, 722 F.3d at 822 (quoting *United State v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995)).

Second, is the "similar but distinct" doctrine of res gestae evidence, for which Rule 404(b) does not apply.[1] *Sadler*, 24 F. 4th at 554. Res gestae, or

---

[1] It is somewhat unclear whether res gestae evidence is a viable legal doctrine in the Sixth Circuit. In some other cases, the Sixth Circuit seemed to use the terms intrinsic evidence and res gestae evidence interchangeably. *See, e.g., United States v. Johnson*, No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 3, 2022) (questioning whether certain evidence is "intrinsic (also known as background or res gestae) evidence"). Similarly, this Court has questioned the continued existence of the res gestae doctrine. *See United States v. Higgins*, 526 F. Supp. 3d 311, 314–16 (S.D. Ohio 2021) ("If res gestae still exists in evidence law, it is embodied in Rule 401." (citation omitted)). However, because the Sixth Circuit identified these two doctrines as separate in a published decision in January 2022, this Court will do the same. *See Sadler*, 24 F. 4th at 554.

background evidence, "consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Harris*, No. 20-2203, 2021 WL 4988348, at *2 (6th Cir. Oct. 27, 2021) (internal quotation marks and citations omitted). "Typically, such evidence . . . is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.* (internal quotation marks and citations omitted). Res gestae evidence must "have a causal, temporal[,] or spatial connection with the charged offense" to avoid creating an end-run on Rule 404(b)'s prohibitions. *Sadler*, 24 F.4th at 555 (internal quotation marks and citations omitted). Both res gestae and intrinsic evidence are still subject to Rule 403. *See Harris*, 2021 WL 4988348, at *2 (citation omitted).

Here, it is premature to determine now whether the Prescription Data is res gestae evidence or admissible under Rule 404(b)—and, more importantly, whether the evidence should be excluded under Rule 403. Rather, the Court prefers to rule on these issues after seeing the other evidence produced at trial. The Court therefore **RESERVES** ruling on this issue. The Government may not offer evidence of the Prescription Data without first providing a proffer of said evidence outside the presence of the jury and obtaining a ruling from the Court.

### III. CONCLUSION

For these reasons, the Government's motion is **DENIED IN PART**, and the Court **RESERVES RULING IN PART**.

The Clerk is **DIRECTED** to terminate ECF No. 54.

**IT IS SO ORDERED.**

*Michael H. Watson*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**