**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | Case No. 2:19-CR-202 |
| v. | : | Judge Michael H. Watson |
| THOMAS ROMANO, | : | |
| Defendant. | : | |

**MOTION FOR DISMISSAL WITH PREJUDICE**

Defendant, through undersigned counsel, respectfully moves the Court for an Order dismissing all counts of the superseding indictment in the instant matter. The reasons in support of this Motion are set forth in the following Memorandum.

Respectfully Submitted,

**/s/ Samuel H. Shamansky**
**SAMUEL H. SHAMANSKY CO., L.P.A.**

Samuel H. Shamansky (0030772)
Donald L. Regensburger (0086958)
Ashton C. Gaitanos (0096812)
523 South Third Street
Columbus, Ohio 43215
P: (614) 242-3939
F: (614) 242-3999
shamanskyco@gmail.com

Counsel for Defendant

**MEMORANDUM**

On August 4, 2022, the government presented the testimony of Dr. Timothy Munzing, a copy of which is attached hereto for the Court's consideration. During that testimony, the government directly elicited the following from Munzing:

> Q. So let's start with the first part of that sentence. It says, recommendations for primary care clinicians. Are these guidelines provided solely for primary care clinicians?
>
> A. No. That was the primary audience because the vast -- and I have heard –
>
> …
>
> Q. Based on that, now I'm going to go back to asking about your understanding of what these guidelines are, to whom they are directed, and ultimately what the guidelines are promulgating. So I want to go back now, please, to the first paragraph under the summary, and I'm going to restate my question but a little bit differently. So you read that first sentence. And the discussion of primary care clinicians in that first sentence.
>
> A. Correct.
>
> Q. In your understanding from your ample medical training, your academic, and your understanding of the background of this document, are primary care clinicians the only individuals to whom this guideline is directed?
>
> …
>
> Q. So based on your understanding and your understanding of the use of this guideline, is this guideline aimed directly and only at primary care clinicians?
>
> A. The focus was to primary care. The guidelines in the document apply to a broader area than just primary care.

See, Testimony of Dr. Timothy Munzing (Aug. 4, 2022), pp. 38, 42, 43.

On August 12, 2022, following the parties' closing arguments, the government provided a copy of the Recommended Rulings, Findings of Fact, Conclusions of Law, and Decision (hereinafter "Decision") issued on February 25, 2020, by The Honorable Charles Wm. Dorman,

2

U.S. Administrative Law Judge, *In the Matter of Craig S. Rosebaum, M.D.,* DEA Docket No. 19-38. A copy of the Decision is attached hereto for the Court's consideration.

One of the issues of substantial concern addressed in the Decision was the testimony of Dr. Timothy Munzing, who testified on or about November 18, 2019. Decision, p. 2. The Administrative Judge found, *inter alia*, the following:

> Kaiser [Permanente] has pain specialists on its roster, but Dr. Munzing is not listed as a pain specialist. Tr. 73. Dr. Munzing does not have fellowship training in pain management. Tr. 69. Over Dr. Rosenblum's objection, Dr. Munzing was accepted "as a medical expert in the treatment of pain with controlled substances in the State of California."
>
> Dr. Munzing also identified red flags of abuse or diversion. Tr. 95-96.
>
> Dr. Munzing relied on the CDC Guidelines in forming his opinions in this case. Tr. 82-83. He later acknowledged, however, that the CDC Guidelines do not apply to Dr. Rosenblum because he is not a primary care physician and the patients in this case were already on high MME dosages when he started treating them. Tr. 339, 363, 366.

Decision 12-13.

In short, Dr. Munzing gave sworn testimony three years ago that the CDC Guidelines do not apply to clinicians who are not primary care physicians and whose patients are already on high MME dosages. As such, his sworn testimony in this matter was perjured. 18 USC § 1621.[1] This

---

[1] Whoever --

(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

perjured testimony was neither ancillary nor collateral, but rather formed the foundation for each of the patients referenced in the superseding indictment. Defendant respectfully submits that the only appropriate remedy under these circumstances is dismissal with prejudice and discharge of the currently deliberating jury.

>Respectfully Submitted,
>
>**/s/ Samuel H. Shamansky**
>**SAMUEL H. SHAMANSKY CO., L.P.A.**
>
>Samuel H. Shamansky (0030772)
>Donald L. Regensburger (0086958)
>Ashton C. Gaitanos (0096812)
>523 South Third Street
>Columbus, Ohio 43215
>P: (614) 242-3939
>F: (614) 242-3999
>shamanskyco@gmail.com
>
>Counsel for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Christopher Jason, Assistant United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215, on August 12, 2022.

>**/s/ Samuel H. Shamansky**
>SAMUEL H. SHAMANSKY