**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America,**

**Case No. 2:19-cr-202**

        **v.**

**Judge Michael H. Watson**

**Thomas J. Romano,**

        **Defendants.**

## Final Jury Instructions

### 1.01 INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 1.02 JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## 1.03 PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged in the Superseding Indictment. The Superseding Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on

reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## 1.04 EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of those things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. Those things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Case No. 2:19-cr-202

## 1.05 CONSIDERATION OF EVIDENCE

You are to consider only the evidence admitted into the record in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## 1.06 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Case No. 2:19-cr-202

## 1.07 CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Case No. 2:19-cr-202

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## 1.08 NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## 1.09 LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## 2.01 INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the superseding indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

## 2.01A SEPARATE CONSIDERATION—SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## 2.02 DEFINITION OF THE CRIME

The defendant is charged with the crime of distributing oxycodone, oxymorphone, hydromorphone, methadone, morphine, alprazolam, clonazepam, diazepam, and carisoprodol, as detailed in Counts 1 – 34.  Oxycodone, oxymorphone, hydromorphone, methadone, morphine, alprazolam, clonazepam, diazepam, and carisoprodol are controlled substances as defined by the Controlled Substances Act.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

- The defendant knowingly or intentionally distributed oxycodone, oxymorphone, hydromorphone, methadone, morphine, alprazolam, clonazepam, diazepam, and/or carisoprodol;

- The defendant knew at the time of distribution that the substance was a controlled substance; and

- The defendant knowingly or intentionally distributed the substance without a legitimate medical purpose outside the usual course of professional practice.

Now I will give you more detailed instructions on some of these terms.

- The term "distribute" means the delivery or transfer of a controlled substance. This term also includes the writing or issuing of a prescription.

Case No. 2:19-cr-202

- The terms "legitimate medical purpose" and "usual course of professional practice for a legitimate medical purpose" mean acting in accordance with a standard of medical practice generally recognized and accepted in the State of Ohio. You have heard testimony about what constitutes the usual course of professional practice and legitimate medical purpose for the prescription of controlled substances, and you are to weigh that evidence the same way that you would weigh any other evidence in this case. In considering whether a defendant issued a prescription with a legitimate medical purpose in the usual course of professional practice, you may consider all of the defendant's actions and the circumstances surrounding them.

If you find that the government has proved beyond a reasonable doubt each of the elements of the offense charged in the count you are considering as set out in these instructions, then you must return a verdict of guilty for that count. If you find that the government has not proved beyond a reasonable doubt any one or more of the elements of the offense charged in the count you are considering as set out in these instructions, then you must return a verdict of not guilty as to that count.

Case No. 2:19-cr-202

## 2.04 ON OR ABOUT

Next, I want to say a word about the dates mentioned in the superseding indictment.

The superseding indictment charges that the crimes happened "on or about" various dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

## 2.08 INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Intent and motive should never be confused.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done or failed to be done.  The motive of the accused is immaterial and need not be proved by the government.  Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused.

## 2.09 DELIBERATE IGNORANCE

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that he was prescribing controlled substances outside the usual course of professional practice and without a legitimate medical purpose, then you may find that he knew that he was prescribing controlled substances outside the usual course of professional practice and without a legitimate medical purpose.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that he was prescribing controlled substances outside the usual course of professional practice and without a legitimate medical purpose and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge and is not enough to convict. This of course, is all for you to decide.

## 7.01 INTRODUCTION

That concludes the part of my instructions explaining the elements of the crime. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## 7.02B DEFENDANT'S TESTIMONY

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

**7.20 STATEMENT BY DEFENDANT**

You have heard evidence that the defendant made a statement in which the government claims he admitted certain facts.  It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

## 7.03A WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of some individuals who testified as to both facts and opinions, and other individuals who testified as to only opinion.

Each of these types of testimony should be given the proper weight.

As to testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to testimony on opinions, you do not have to accept the opinions.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.  In deciding how much weight to give it, you should consider the witness' qualifications and how each of those witnesses reached their conclusions.   Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.  However, opinion medical testimony is not necessary to reach a verdict in this case.

Remember that you alone decide how much of a witness's testimony to believe and how much weight it deserves.

## 7.12 SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence.  Some of these summaries, charts, etc. have been entered into evidence; some have not.  In both cases, you must remember that these summary materials are not themselves evidence of the information they summarize, and are only as valid and reliable as the underlying material they summarize.

## 7.21 STIPULATIONS

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

1. At all relevant times, Defendant was a medical doctor in the State of Ohio, licensed under State Medical Board of Ohio Medical License number 35.047291.

2. Defendant owned and operated a medical practice under his name, located at 205 North 5th Street, Martin's Ferry, Ohio 43935, in the Southern District of Ohio.

3. Defendant was registered with federal and state authorities to prescribe Schedule II-V controlled substances at his medical practice.

4. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States.

5. Under the CSA, the United States Drug Enforcement Administration ("DEA") regulated certain pharmaceutical drugs designated as "controlled substances" because of their potential for abuse or dependence, their accepted medical use, and their accepted safety for use under medical supervision.

6. The DEA issued registration numbers to qualifying practitioners, including physicians, which permitted those practitioners to dispense

Schedule II, III, IV, and V controlled substances consistent with the terms of that registration.

7. Oxycodone, oxycontin, oxymorphone, hydromorphone, and methadone are Schedule II controlled substances. Alprazolam, clonazepam, diazepam, and carisoprodol are Schedule IV controlled substances.

8. The Code of Federal Regulations governed the issuance of prescriptions and provided, among other things, that a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."  The Code of Federal Regulations further directed that "[a]n order purporting to be a prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of [the CSA] and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

9. The Defendant issued prescriptions for the controlled substances to the patients set forth in Counts One through Thirty-Four of the Superseding Indictment.

10. During all times relevant to this matter, Dr. Thomas Romano and his

medical office did not accept insurance and his patients were

required to pay Dr. Romano via cash, check, money order, or a letter

of protection from an attorney.

.

## 8.01 INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## 8.02 EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media or application unless specifically instructed to do so by this court, such as a telephone, cell phone, smart phone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations

because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**8.03 UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## 8.03B UNANIMITY NOT REQUIRED – MEANS

One more point about the requirement that your verdict must be unanimous.  Several counts of the superseding indictment accuse the defendant of committing the charged crimes in more than one possible way.  Specifically, several counts allege that the defendant committed the crime by distributing one or more of several controlled substances.

The government does not have to prove all of these for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt of any one of these ways is enough.  In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

## 8.04 DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**8.05 PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## 8.06 VERDICT FORM

I have prepared verdict forms that you should use to record your verdict.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  For many of the counts, if you find the defendant guilty, you will also have to answer a few additional questions—known as interrogatories—which I will go over with you shortly.

If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Each of you should then sign the form, put the date on it, and return it to me.  Do this for each of the thirty-four verdict forms.

## 8.10 JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## 8.09 COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.