## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**United States of America,**

**Case No. 2:19-cr-202**

**v.**

**Judge Michael H. Watson**

**Thomas J. Romano,**

**Defendants.**

## OPINION AND ORDER

The Government moves to quash three recent defense subpoenas.  ECF No. 92.  The Court agrees that the subpoenas are technically defective under Federal Rule of Criminal Procedure 17 because they command appearance at a hearing on August 17, 2022, and the Court never set such a hearing.  So, the subpoenas are **QUASHED** on that basis.  *See United States v. Keen*, 509 F.2d 1273, 1275 (6th Cir. 1975) ("[Rule 17] permits a subpoena ad testificandum or a subpoena duces tecum to be issued only for the purpose of compelling the attendance of witnesses or the production of evidence at a formal proceeding.")

However, the information sought by these subpoenas makes the Court even more concerned about the allegations in Defendant's motion to dismiss.  ECF No. 85.  To say what all parties have been avoiding: the Court is concerned about possible prosecutorial misconduct.  That is a serious concern, both for the Defendant and the prosecutors, and the Court has no intention of ruling on the matter without all the relevant information.  So, the Court **VACATES** the current

briefing schedule and will hold an evidentiary hearing on **August 25, 2022 at 10:00 a.m**.

Attorneys Barras and Jason should be prepared to appear as witnesses and be represented by counsel.  Attorneys Barras and Jason shall not file any briefs, notices, or other documents on the Government's behalf in this case until further notice.

Further, because Defendant must provide evidence to support a claim of prosecutorial misconduct, he may conduct limited discovery into the matter.   *See United States v. Tisdale*, 136 F. App'x 854, 855 (6th Cir. 2005) ("[The defendant] presents no evidence to support a claim of prosecutorial misconduct and any claim of prosecutorial misconduct is therefore without merit."); *cf. United States v. Siegelman*, No. 2:05-CR-119 (CDL), 2014 WL 12839185, at *10 (M.D. Ala. Dec. 18, 2014) (finding, in a different procedural posture, that a "substantial question exists as to whether the district court erred by denying Defendant the opportunity to engage in discovery to support his prosecutorial misconduct claim.").

The discovery Defendant sought in the subpoenas was fairly narrow.  Two of the subpoenas at-issue in the Government's motion sought the following information:

> [A]ny communications, information, and/or data sent or received by Division and/or Section employees including, but not limited to Christopher Jason and Andrew Barras of the Healthcare Fraud Section and Benedetto Balding of the International Narcotics, Money Laundering, and Racketeering Section regarding Dr. Timothy Munzing's testimony in the matter of Craig S. Rosenblum, M.D., Department of Drug Enforcement Administration Docket Number: 19-

> 38, including the form of those communications, when they were made, and by whom.

Mot. Ex. A, ECF No. 92-1; Mot. Ex C, ECF No. 92-3.  The third subpoena seeks general information about the Department of Justice's ("DOJ") disclosure practices and internal communications about expert witnesses and specifically requests:

> Any communications to Christopher Jason and/or Andrew Barras concerning Dr. Timothy Munzing's testimony in the following cases: *In the Matter of Craig S. Rosenblum*, DEA Docket No. 19-38; *United States v. Edward Ridgill*, C.D. Cal. Case No. 16-631-SJO; *United States v. Theodore William Taylor*, E.D. Texas Case No. 4: 17CR9; and *In the Matter of Radha Menon, MD.*, Medical Board of California Case No. 18-2013-232729.

Mot. Ex. B, ECF No. 92-2.

The Court agrees with the Government that, at this juncture, general discovery about the DOJ's internal policies or communications about disclosures or expert witnesses would be improper.  However, specific, targeted discovery about how the DOJ handled, communicated, and disclosed information about Dr. Munzing's prior testimony—particularly the DEA Hearing Number 19-38—is appropriate.  Moreover, such discovery would likely be helpful to the parties *and the Court* in addressing this serious matter.

Further, the Court does not see how this limited discovery would be covered by either the deliberative process or the work product doctrines.  If the facts are as the Government represents them to be, Attorneys Barras and Jason did not learn about the DEA Hearing testimony until after the close of trial.  If that

is the case, the Court does not see how that testimony could have played any part in the Government's preparation for this case.  And so, therefore, it could not have been part of their deliberative process or work product.  However, if it turns out that some of the discovery described above could fall under some privilege, the Government may present that discovery material to the Court for *in camera* review **by 12:00 p.m. on August 22, 2022**.  The Government is **CAUTIONED** that failure to meet this deadline will be considered a forfeiture of any privilege.

Given the above analysis, the Court is optimistic that the parties will be able to work out appropriate discovery without the need for subpoenas or *Touhy* demands.  To that end, the parties are **ORDERED** to file a joint notice on the docket **by 9:00 a.m. on August 19, 2022,** informing the Court whether they have reached an agreement on discovery or if further Court intervention is necessary.

To summarize:

The motion to quash subpoenas is **GRANTED**.

The current briefing schedule is **VACATED**.  An evidentiary hearing is set for **August 25, 2022, at 10:00 a.m**.  Attorneys Barras and Jason should prepare to appear as witnesses and should be represented by counsel.  Attorneys Barras and Jason **SHALL NOT** file any briefs, notices, or other documents on the Government's behalf in this case until further notice.

The Defendant may conduct limited discovery about the DOJ's information, communication, and disclosure of prior testimony of Dr. Munzing.  The parties are strongly encouraged to cooperate on a discovery plan without Court

intervention. If the Government believes any discovery material is covered by some privilege, it may present that material for *in camera* review **by 12:00 p.m. on August 22, 2022**.

The parties are **ORDERED** to file a joint notice on the docket **by 9:00 a.m. on August 19, 2022**, informing the Court whether they have reached an agreement on discovery, or if further Court intervention is necessary.

The Clerk shall terminate ECF No. 92.

**IT IS SO ORDERED.**

                 **___/s/ Michael H. Watson_____**
                 **MICHAEL H. WATSON, JUDGE**
                 **UNITED STATES DISTRICT COURT**