# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| Plaintiff, : | Case No. 2:19-CR-202 |
| v. : | Judge Michael H. Watson |
| THOMAS J. ROMANO, : | |
| Defendant. : | |

## RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

Defendant Thomas J. Romano, through undersigned counsel, renews his previous request for the Court to enter a judgment of acquittal on all counts in the superseding indictment for which he was convicted. The reasons in support of this Motion are set forth in the following Memorandum.

Respectfully Submitted,

**/s/ Samuel H. Shamansky**
**SAMUEL H. SHAMANSKY CO., L.P.A.**

Samuel H. Shamansky (0030772)
523 South Third Street
Columbus, Ohio 43215
P: (614) 242-3939
F: (614) 242-3999
shamanskyco@gmail.com

Counsel for Defendant

**MEMORANDUM**

On August 1, 2022, this case proceeded to jury trial. After the Government presented its case-in-chief, Defendant moved for judgment of acquittal. Pursuant to Fed. Crim P. 29(b), the Court reserved ruling on the motion until after the close of all evidence. Thereafter, at the conclusion of Defendant's case-in-chief, his motion for acquittal was denied. The jury found Defendant guilty of twenty-four counts of unlawfully distributing controlled substances.

During Defendant's trial, the government elicited testimony from its sole expert witness, Dr. Timony Munzing, a board-certified family physician. On August 12, 2022, shortly after the parties' closing arguments, the Government provided a copy of the Recommended Rulings, Findings of Fact, Conclusions of Law, and Decision (hereinafter "Decision") issued on February 25, 2020, by the Honorable Charles Wm. Dorman, U.S. Administrative Law Judge, *In the Matter of Craig S. Rosenblum*, M.D., DEA Docket No. 19-38. The Decision from the *Rosenblum* case addressed Dr. Munzing's testimony, and specifically noted that Dr. Munzing had acknowledged that the CDC Guidelines do not apply to clinicians who are not primary care physicians and whose patients are already on high MME dosages. Decision 12-13. This prior sworn testimony stands in stark contrast to that which was elicited from Dr. Munzing in this case. Defendant immediately filed a Motion to Dismiss with Prejudice based on Dr. Munzing's apparent perjury. *See*, Defendant's Motion to Dismiss, Doc. No. 85.

An oral hearing was scheduled later the same day to address the issues raised in Defendant's motion. At the start of the hearing, the Court was careful to note that Defendant's use of a motion to dismiss was inappropriate given that trial had already commenced. However, the Court further indicated that it understood the substance of Defendant's motion, which could be grounds for relief under three separate alternatives.

2

First, the Court was willing to construe Defendant's request as a request to strike Dr. Munzing's testimony and a contemporaneous renewed motion for acquittal on the basis of that struck testimony. Second, the Court could consider whether it would be appropriate to instruct the jury to disregard Dr. Munzing's testimony in its deliberations. Third, the Court could treat the motion as a request for mistrial.

During the hearing, the government referenced a final order in the *Rosenblum* matter, which was issued after the Decision, and repeatedly claimed that the final order undermined Defendant's motion, to wit:

(1) The final order "actually contests the underlying claim that form the basis of the defendant's motion…in this case…It disagreed with those findings and ultimately did not adopt those findings." Hrg. Tr. 4.

(2) The final order "disagreed with those findings and ultimately did not adopt those findings. Further clarified specific to this issue that the statement that the Administrative Law Judge cited with respect to Dr. Munzing's testimony about the CDC is not a complete picture of that testimony." Hrg. Tr. 4.

(3) "The question here, Your Honor, is not with respect to what was the final finding what was the finding about the credibility of Dr. Munzing, but the entire basis of what the defense has formed their motion upon, I believe, is an incorrect and inapplicable one given that the further transcript as explained by the final order actually undermines the entire point of what the defense's motion is about." Hrg. Tr. 5.

(4) "[W]e have in the final published order from the administrator of the DEA contradicts the very position in which the defense has founded its case." Hrg. Tr. 5.

(5) "[Dr. Munzing's testimony in this case] is exactly in line with, Your Honor, the point that Dr. Munzing tried to make in this other – in this other transcript. The fact that the Associate Law Judge or the Administrative Law Judge found that to be nonresponsive is irrelevant for the consideration of whether Dr. Munzing has been consistent throughout the course of these two instances." Hrg. Tr. 7.

(6) "We would ask you to take into consideration, take into consideration not only the substance of the initial ALJ's ruling but also the superseding opinion of the more qualified administrator who made the final decision in the case. And in

3

>doing so, specifically undermined the only point the defense is trying to make with respect to Dr. Munzing." Hrg. Tr. 12.

Finally, the government claimed that Dr. Munzing's testimony in the instant matter could be characterized as follows:

>First off, Dr. Munzing's testimony -- and I think this has been corroborated in the sentence I just cited as well as throughout his testimony -- it's not that the CDC guidelines are primarily applied or even directly pointed towards specialists such as the defendant. What the testimony is, is that the science underlying and undergirding the CDC is still applicable.

Hrg. Tr. 11.[1]

Based on the government's claim that the Decision did not fairly characterize Dr. Munzing's testimony in the *Rosenblum* matter, the Court took the issue under advisement, directed the government to obtain a copy of the *Rosenblum* transcript, and directed both parties to file briefs. Hrg. Tr. 14-16. The Court later vacated the briefing schedule and set the matter for an evidentiary hearing, which remains pending. *See*, Opinion and Order, Doc. No. 93.

In the interest of clarity, and to avoid any possible procedural default occasioned by the styling of his initial motion, Defendant respectfully moves the Court to strike Dr. Munzing's testimony given his blatant perjury and to reconsider Defendant's motion for acquittal in light of this evidentiary development. The evidence presented in this case was wholly insufficient to demonstrate that Defendant knowingly and intentionally acted "outside the course of professional practice" and without a "legitimate medical purpose" when issuing any of the prescriptions contained in the superseding indictment. Controlled Substance Act, 21 U.S.C. § 841. Accordingly,

---

[1] To be clear, Defendant does not agree with this characterization of the testimony. Upon direct examination, Dr. Munzing clearly testified that the guidelines were not provided solely for primary care physicians, Tr. 36, that they applied to a broader area than primary care, Tr. 38, and specifically applied them to patients who had come into Dr. Romano's practice with MME's higher than 90. Tr. 108-110.

based on the foregoing, Defendant moves the Court to enter a judgment of acquittal as to all counts in the superseding indictment for which he was convicted.

        Respectfully submitted,

        **/s/ Samuel H. Shamansky**
        **SAMUEL H. SHAMANSKY CO., L.P.A.**

        Samuel H. Shamansky (0030772)
        523 South Third Street
        Columbus, Ohio 43215
        P: (614) 242-3939
        F: (614) 242-3999
        shamanskyco@gmail.com

        Counsel for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorney Alexis Gregorian, 1400 New York Avenue NW, Washington, DC 20005, and all other counsel on August 26, 2022.

        **/s/ Samuel H. Shamansky**
        SAMUEL H. SHAMANSKY