IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | Case No. 2:19-CR-202 |
| v. | : | Judge Michael H. Watson |
| THOMAS ROMANO, | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-HEARING MEMORANDUM**

Defendant Thomas Romano, through undersigned counsel, respectfully submits the following Pre-Hearing Memorandum for the Court's consideration.

Respectfully Submitted,

**/s/ Samuel H. Shamansky**
**SAMUEL H. SHAMANSKY CO., L.P.A.**

Samuel H. Shamansky (0030772)
523 South Third Street
Columbus, Ohio 43215
P: (614) 242-3939
F: (614) 242-3999
shamanskyco@gmail.com

Counsel for Defendant

**MEMORANDUM**

This matter is set for an evidentiary hearing to address the Court's concerns pertaining to potential prosecutorial misconduct. Opinion and Order (Doc. 93, PageID#1039). Defendant anticipates that the evidence will demonstrate both (1) that the government's failed to disclose relevant impeachment materials from the *Rosenblum* matter, and (2) that the prosecution team misrepresented the nature and content of the *Rosenblum* materials during the hearing held on August 12, 2022, during the jury's deliberations.

## The Government's Obligations Under *Brady*

The Supreme Court of the United States has promulgated a three-part test to assist courts in determining whether a *Brady* violation has occurred: "(1) [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the [prosecutor], either willfully or inadvertently; and (3) prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-282, 119 S.Ct. 1936, 144 L.E.2d 286 (1999); see also, *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993) ("[e]vidence which may be used to impeach a prosecution witness falls within the scope of the *Brady* rule and therefore must be disclosed upon defense counsel's request."). With respect to the first and third prongs of that test, the Supreme Court has recognized that impeachment evidence "may make the difference between conviction and acquittal." *United States v. Bagley*, 473 U.S. 667, 676 (1985).

As to the second prong, the government concedes that prosecutors are presumed to have constructive knowledge of all information gathered in connection with their office's investigation. (Doc. 114, PageID#2023-2025). Having made that admission, however, the government denies that the "prosecution team" included Dr. Munzing. *Id*. At least one circuit court would disagree. In *McCormick v. Parker,* 821 F.3d 1240 (10th Cir. 2016), the Tenth Circuit considered whether a

SANE nurse was an "agent of the prosecution" for the purposes of *Brady* analysis. *Id.*, at 1246-1247. Finding that SANE exams (1) are investigatory in nature, (2) are conducted to determine whether allegations are corroborated by physical findings, and (3) are conducted at the government's request, the Tenth Circuit held that the SANE nurses become part of the prosecution team for *Brady* purposes. *Id.*

Given the government's admissions that Dr. Munzing's opinions formed the basis of the charges and that he was paid to conduct that review on the government's behalf, his involvement in the prosecution of this case presents a stronger factual basis than that addressed in the *McCormick* decision. As such, Dr. Munzing's knowledge of his own inconsistent testimony, particularly given its notable proximity in time to the preparation of the reports in this matter, must be imputed to the prosecution team.

However, even if the Court does not find *McCormick* convincing, the prosecution team's alleged ignorance is still no excuse. Federal courts have long recognized that "a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or compartmentalizing information about different aspects of a case." *Carey v. Duckworth*, 738 F.2d 875, 877-878 (7th Cir. 1984). The United States Supreme Court and Sixth Circuit have further addressed prosecutorial ignorance as follows:

> *Brady,* as recently affirmed by *Strickler,* has been interpreted to impose an affirmative duty *to evaluate evidence* and provide exculpatory evidence to the defense. *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555 (1995) (government has a duty to provide exculpatory evidence even if never requested by the defense). Here, the defense requested all exculpatory evidence by proper pretrial discovery request. As the Sixth Circuit noted, "[b]ecause, as a practical matter, implementation of the *Brady* rule contemplates that the government will enjoy a measure of discretion in determining whether evidence in its possession is material, it is burdened with a corresponding *duty to evaluate potential Brady material* in a manner that will result in a fair trial." *United States v. Hale,* 106 F.3d 402, 1997 WL 34697 at 2 (6th Cir.1997) (unpublished). Thus, the *Brady* violation lies not only in failing to provide the exculpatory evidence, but *in failing to weigh the evidence for purposes of Brady disclosure*. The prosecution here could not have

> performed that duty, since it was intentionally kept in the dark regarding the exculpatory evidence.

*Jamison v. Collins*, 291 F.3d 380, 387-388 (6th Cir. 2002). (Emphasis added.)

Defendant submits that the anticipated evidence and testimony will prove that the prosecutors in this case failed to fulfill their duties under *Brady*. This failure both prejudiced Defendant and violated his right to due process by depriving him of the opportunity to adequately confront and cross-examine the government's only properly disclosed expert. Moreover, given the state of the evidence in this case, as well as the split nature of the jury verdicts, this deprivation very well made the difference between Defendant's conviction and acquittal.

Equally troubling is the government's claim that the "trial team…immediately disclosed" the *Rosenblum* materials. Defendant acknowledges that the evidence is likely to show that the government's trial team disclosed the *Rosenblum* Recommended Decision almost immediately after it was received. However, the evidence will also demonstrate that, afterward, the trial team made a calculated decision to withhold additional information for hours after the initial disclosure. In fact, the trial team only provided the additional material to Defendant after he filed his motion seeking relief. Finally, and most egregiously, the evidence will demonstrate that the trial team materially misrepresented the nature and substance of the *Rosenblum* materials when presenting their arguments to the Court during the hearing conducted August 12, 2022.

In short, Defendant anticipates that the evidence will establish not only a *Brady* violation, but also that the trial team engaged in subsequent prosecutorial misconduct designed to mislead the Court and further hinder the exercise of Defendant's constitutional rights. As such, to the extent that it is not rendered moot by any alternative relief predicated upon Dr. Munzing's perjured testimony, Defendant respectfully moves the Court for appropriate relief under *Brady*.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
**SAMUEL H. SHAMANSKY CO., L.P.A.**

Samuel H. Shamansky (0030772)
523 South Third Street
Columbus, Ohio 43215
P: (614) 242-3939
F: (614) 242-3999
shamanskyco@gmail.com

Counsel for Defendant

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Assistant Chief Alexis Gregorian, Fraud Section, Criminal Division, United States Department of Justice, 1400 New York Avenue NW, Washington, DC 20005, on December 1, 2022.

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY